**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEORGE H. WILSON, II, et al.,<br><br>               Plaintiffs,<br><br>     vs.<br><br>SAN BERNARDINO COUNTY et al.,<br><br>               Defendants. | Case No. EDCV 11-1359-PSG (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

    The Court has reviewed the Complaint, records on file, and Report and Recommendation of U.S. Magistrate Judge. See 28 U.S.C. § 636. No objections to the Report and Recommendation have been filed. The Court accepts the findings and recommendations of the Magistrate Judge in the R&R as well as her findings and conclusions in the March 24, 2015 order dismissing Plaintiffs' Complaint with leave to amend.

    IT THEREFORE IS ORDERED that the following claims are dismissed from this lawsuit: (1) all of Plaintiff Arthur Holmes's claims and (2) Plaintiff George H. Wilson's (a) sole claim against Defendant C.S. Ball, (b) retaliation and due process

1 claims against D.M. Boldt based on her allegedly false discipline
2 report, (c) Fifth Amendment due process claim, (d) municipal-
3 liability claims against San Bernardino County, (e) supervisory-
4 liability claims against Sheriff Ron Hoops and Commander Mesa,
5 (f) claims against Defendants in their official capacity, and (g)
6 claim for injunctive relief.  It is further ORDERED that San
7 Bernardino County, Ball, Hoops, and Mesa are DISMISSED from this
8 lawsuit.

9     Thus, Wilson may proceed only on his remaining claims
10 against certain Defendants in their individual capacity,
11 specifically, that (1) Lieutenant Boldt violated his First
12 Amendment "right to petition the government for redress of
13 grievances" by denying him access to the law library to prepare a
14 "meaningful [and] correct complaint" (Compl. at 6); (2) Chaplain
15 James E. Henning violated the Establishment Clause by inviting
16 only "Christian sects" to hold services at the jail (id.); (3)
17 Boldt violated the Establishment Clause by allowing Christian
18 groups to enter the housing unit to "promote Christianity" in
19 various ways but not inviting other religious groups (id. at 6-
20 7); (4) Boldt violated the Free Exercise Clause and RLUIPA by
21 denying Wilson's requests for "religious items," specifically, an
22 Islamic prayer rug, prayer oil, honey, and a kufi (id. at 7), and
23 refusing to provide a satisfactory Halal diet (id. at 8); (5)
24 Supervising Cook Ron Baldwin violated the Free Exercise Clause
25 and RLUIPA by purchasing Halal meat but rendering it "non-Halal"
26 by preparing it in a "non-Halal kitchen" (id. at 9); (6) Boldt
27 and Henning violated the Free Exercise Clause and RLUIPA by not
28 allowing Muslim inmates to engage in "group worship" but allowing

1 | Christian inmates to do so (id. at 9-10); and (7) Boldt violated
2 | the First Amendment by retaliating against Wilson by "stopping
3 | medical staff from giving [him] a nutritional supplement & food
4 | items which are in the guideline of [his] religious diet
5 | practices," stating that if he didn't "eat what they give [him]
6 | which [was] against [his] religious practices [he's] going to
7 | st[ar]ve" (id. at 11).

DATED:   10/9/15

PHILIP S. GUTIERREZ
U.S. DISTRICT JUDGE